

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-13-00035-CR

RAUL ALVAREZ MIJAN A/K/A                                         APPELLANT
RAUL ALVAREZMIJAN

V.

THE STATE OF TEXAS                                                    STATE

----------

### FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

Appellant Raul Alvarez Mijan a/k/a Raul Alvarezmijan appeals his conviction for impersonating a public servant. In one point, Mijan argues that the evidence is legally insufficient to support his conviction. We will affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## II. BACKGROUND

While walking to the store to buy cigarettes, Tanna Martinez, a self-professed prostitute and drug user, noticed Mijan, who was wearing "a very loud" greenish-blue shirt, lurking in a white-and-gray car. The car stopped near Martinez, and Mijan tried to talk to her. Martinez testified that she wanted nothing to do with him and that she told him so. She continued on to the store and bought her cigarettes. As Martinez tried to return home from the store, Mijan again pulled up and tried to talk to her. And she rebuffed him a second time.

Mijan then exited his vehicle, identified himself as "vice," and told Martinez that he would take her to jail if she did not have sex with him. By Martinez's account, Mijan sported a holstered gun and flashed a silver badge. Martinez said that she did not believe Mijan was a police officer, so she fled the scene, returned home, and called 9-1-1. Martinez gave descriptions of Mijan, his clothing, his car, and his license plate number to the 9-1-1 operator. Within minutes, the police spotted a vehicle that matched the description Martinez gave. The police verified that all but the last digit of the license plate number matched, and they pulled over Mijan. Police found a badge on Mijan's person. In his car, police found a police-type radio and a holstered toy gun that had been modified to cover any orange plastic toy-identifying features. He was also wearing clothing consistent with Martinez's description. Martinez later identified Mijan as the man who had threatened to take her to jail.

The jury returned a verdict of guilty and, after finding the State's habitual-offender-enhancement paragraphs alleging that Mijan had previously been convicted of murder and aggravated assault with a deadly weapon to be true, assessed punishment at ninety years' incarceration. The trial court entered judgment accordingly and this appeal followed.

### III. DISCUSSION

In his sole issue, Mijan argues that the evidence is insufficient to support his conviction. Specifically, Mijan argues that because Martinez is a prostitute, a drug user, and someone who admitted that she has committed "multiple crimes of moral turpitude," her testimony was "completely lacking in credibility." Thus, Mijan argues, her "unreliable" testimony makes the evidence in this case legally insufficient. We disagree.

A person commits the offense of impersonating a public servant if he "impersonates a public servant with intent to induce another to submit to his pretended official authority or to rely on his pretended official acts[.]" Tex. Penal Code Ann. § 37.11(a)(1) (West 2011).

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012).

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Blackman v. State*, 350 S.W.3d 588, 595 (Tex. Crim. App. 2011).

The trier of fact is the sole judge of the weight and credibility of the evidence. *See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Wise*, 364 S.W.3d at 903. Thus, when performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). Instead, we determine whether the necessary inferences are reasonable based upon the cumulative force of the evidence when viewed in the light most favorable to the verdict. *Sorrells v. State*, 343 S.W.3d 152, 155 (Tex. Crim. App. 2011). We must presume that the factfinder resolved any conflicting inferences in favor of the verdict and defer to that resolution. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Wise*, 364 S.W.3d at 903.

We measure the sufficiency of the evidence by the elements of the offense as defined by the hypothetically correct jury charge for the case, not the charge actually given. *Byrd v. State*, 336 S.W.3d 242, 246 (Tex. Crim. App. 2011) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Byrd*, 336 S.W.3d at

4

246. The law as authorized by the indictment means the statutory elements of the charged offense as modified by the factual details and legal theories contained in the charging instrument. *See Curry v. State*, 30 S.W.3d 394, 404–05 (Tex. Crim. App. 2000).

Here, Mijan asks this court to weigh the credibility of Martinez's testimony and conclude that it was unreliable given her profession, drug use, and past criminal record. But this is the very type of credibility determination that we are forbidden from doing as a reviewing court. *Isassi*, 330 S.W.3d at 638 (reasoning that it is "the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."); *see also Marc v. State*, 166 S.W.3d 767, 772 (Tex. App.—Fort Worth 2005, pet. ref'd) (holding that jury was free to believe victim despite her history of criminal convictions involving prostitution and drug use).

When viewing all of the evidence in this case in the light most favorable to the jury's verdict, the evidence demonstrates that Mijan approached Martinez and threatened to take her to jail if she did not submit to his pretend authority of being "vice." Specifically, Mijan threatened to take Martinez to jail if she did not perform sex with him. In doing so, Mijan utilized a security guard badge, a police-like two-way radio, and a modified, holstered toy gun to give the impression that he had the authority to take Martinez to jail.

Martinez did not submit to his pretend authority but instead called 9-1-1. In her call, she described Mijan, what he was wearing, his vehicle, his vehicle's

5

license plate number, and exactly where he was performing his ruse. Police officers found Mijan driving the vehicle Martinez described in the location she had reported. After searching him and his vehicle, officers found the badge, police-like radio, and holstered gun. Multiple officers testified at trial that these items could give the appearance of official authority, and that based on these items corroborating Martinez's 9-1-1 call and later written statement, they arrested and charged Mijan with impersonating a public official. Martinez later identified Mijan as the perpetrator.

Based on the record, we hold that a rational trier of fact could have found beyond a reasonable doubt that the State proved that Mijan committed the essential elements of impersonating a public servant. *See Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Wise*, 364 S.W.3d at 903. We overrule Mijan's sole issue on appeal.

## IV. CONCLUSION

Having overruled Mijan's sole issue on appeal, we affirm the trial court's judgment.

/s/ Bill Meier

BILL MEIER
JUSTICE

PANEL: LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: May 22, 2014

6